# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–259

| | | |
|---|---|---|
| MICHAEL BOYD | | **Opinion Delivered** October 21, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. CR2013-3549] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | REBRIEFING ORDERED |

## CLIFF HOOFMAN, Judge

Michael Boyd appeals after he was convicted by a jury of aggravated robbery and theft of property and sentenced by the Pulaski County Circuit Court to 360 and 120 months' imprisonment, respectively, to be served consecutively. On appeal, he contends that (1) the trial court committed reversible error by denying his motions for a directed verdict, (2) the trial court committed reversible error by denying his motion to suppress statements made by him, and (3) the trial court committed reversible error by denying his motion to suppress a photo identification of him. However, we are unable to address the merits of his arguments at this time because appellant failed to comply with our rules governing the contents of the abstract and addendum. Therefore, we order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5) (2015) provides in pertinent part,

(5) Abstract. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

    (A) Contents. All material information recorded in a transcript (stenographically reported material) must be abstracted. Depending on the issues on appeal, material information may be found in, for example, counsel's statements and arguments, voir dire, testimony, objections, admissions of evidence, proffers, colloquies between the court and counsel, jury instructions (if transcribed), and rulings. All material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, even if they are an exhibit to a motion or other paper. Exhibits (other than transcripts) shall not be abstracted. Instead, material exhibits shall be copied and placed in the addendum. If an exhibit referred to in the abstract is in the addendum, then the abstract shall include a reference to the addendum page where the exhibit appears.

    (B) Form. The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question–and–answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

Appellant failed to fully abstract the proceedings necessary for this court's understanding of the issues on appeal, including the relevant oral arguments regarding appellant's pretrial motions at the April 17, 2014 hearing and the relevant oral arguments regarding appellant's pretrial motions immediately prior to trial on December 4, 2014. Additionally, the abstract contains inaccurate record citations and, in some instances, fails to follow the required format. For example, although appellant attempted to abstract the video of his interview in police custody, he failed to provide an impartial condensation and abstract

of the testimony in the first person. This information is necessary to understand the case and decide appellant's points on appeal, and rebriefing is required.

Additionally, appellant failed to include the necessary material in his addendum pursuant to Arkansas Supreme Court Rule 4–2(a)(8)(A)(i). An appellant must include in the addendum, among other things, all motions, responses, replies, exhibits, and related briefs, concerning the order, judgment, or ruling challenged on appeal; the order, judgment, or decree; and those exhibits that are essential for our court to understand the case, including computer disks and DVDs, if applicable. Ark. Sup. Ct. R. 4–2(a)(8)(A)(i). Here, the video recording of appellant's statements played for the jury, the corresponding transcript of appellant's statements given to aid the jury, the video of the robbery played for the jury, the State's written response to appellant's motion to suppress identification, the State's written response to appellant's motion to suppress statement, the trial court's written order filed on May 12, 2014, and the trial court's written order filed on June 19, 2014, were omitted from appellant's addendum. The material is essential to the issues on appeal, and appellant must include the omitted material in his addendum upon rebriefing.

Pursuant to Arkansas Supreme Court Rule 4–2(b)(3), appellant is afforded an opportunity to cure these deficiencies and has fifteen days within which to file a substituted abstract, addendum, and brief. Upon the filing of such a substituted brief, the appellee will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk. *Id*. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage counsel for the appellant to review our rules to ensure that no other deficiencies

3

are present. *Wells v. State*, 2012 Ark. App. 151. If, after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rules. *Id.*

Rebriefing ordered.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Alvin Schay*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.