SLIP OPINION

Cite as 2016 Ark. App. 74

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–259

| | |
|---|---|
| MICHAEL BOYD | **Opinion Delivered** February 3, 2016 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. CR2013-3549] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | SUPPLEMENTAL ABSTRACT AND ADDENDUM ORDERED |

## CLIFF HOOFMAN, Judge

Michael Boyd appeals after he was convicted by a jury of aggravated robbery and theft of property and sentenced by the Pulaski County Circuit Court to 360 and 120 months' imprisonment, respectively, to be served consecutively. On appeal, he contends that (1) the trial court committed reversible error by denying his motions for a directed verdict, (2) the trial court committed reversible error by denying his motion to suppress statements made by him, and (3) the trial court committed reversible error by denying his motion to suppress a photo identification of him. Because of briefing deficiencies, we previously ordered rebriefing. *Boyd v. State*, 2015 Ark. App. 596. Although appellant has filed a substituted brief, the brief is still deficient, and appellant has failed to correct the deficiencies identified in our previous order. Therefore, we order appellant to file a supplemental abstract and addendum.

Specifically, appellant failed to include the second page of the trial court's June 19, 2014 order denying several motions to suppress, which contained the trial court's signature page. Furthermore, appellant failed to abstract the relevant oral arguments regarding appellant's pretrial motions that took place immediately prior to trial on December 4, 2014. The trial court agreed to consider appellant's motion to suppress Kathryn Pannell's identification during the course of the trial instead of denying the motion as the trial court had previously ruled. However, appellant failed to abstract this ruling. Finally, portions of appellant's abstract still do not fully comply with our formatting rules. For example, the abstract of the video of appellant's interview that was played at trial is not abstracted in the proper format.

Arkansas Supreme Court Rule 4–2(a)(5) (2015) provides in pertinent part,

(5) Abstract. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

> (A) Contents. All material information recorded in a transcript (stenographically reported material) must be abstracted. Depending on the issues on appeal, material information may be found in, for example, counsel's statements and arguments, voir dire, testimony, objections, admissions of evidence, proffers, colloquies between the court and counsel, jury instructions (if transcribed), and rulings. All material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, even if they are an exhibit to a motion or other paper. Exhibits (other than transcripts) shall not be abstracted. Instead, material exhibits shall be copied and placed in the addendum. If an exhibit referred to in the abstract is in the addendum, then the abstract shall include a reference to the addendum page where the exhibit appears.
>
> (B) Form. The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract

SLIP OPINION

must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question-and-answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

Although appellant's addendum is flagrantly deficient, the deficiency does not require complete rebriefing. Pursuant to Arkansas Supreme Court Rule 4-2(b)(4) (2015), appellant is afforded one last opportunity to cure the deficiencies noted above and has seven days within which to file a supplemental abstract and addendum. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage counsel for the appellant to review our rules to ensure that no other deficiencies are present. *Wells v. State*, 2012 Ark. App. 151.

Supplemental abstract and addendum ordered.

VIRDEN and WHITEAKER, JJ., agree.

*Alvin Schay*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.